IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOAQUIN MORENO                        §
(BOP Register No. 46017-177),          §
                                       §
        Movant,                        §
                                       §
V.                                     §          No. 3:16-cv-1939-G-BN
                                       §
UNITED STATES OF AMERICA,              §
                                       §
        Respondent.                    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Movant Joaquin Moreno, a federal prisoner, proceeding *pro se*, has filed a 28

U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 1. This civil

action has been referred to the undersigned United States magistrate judge pursuant

to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States

District Judge A. Joe Fish. The undersigned issues the following findings of fact,

conclusions of law, and recommendation that, regardless whether it possesses merit,

because Movant's motion to vacate is successive, the Court should transfer it to the

United States Court of Appeals for the Fifth Circuit for appropriate action.

**Applicable Background**

Movant pleaded guilty to one count of conspiracy to possess with intent to

distribute a controlled substance, in violation of 21 U.S.C. § 846, and he was sentenced

to the statutory mandatory minimum of 60 months' imprisonment. His guideline

sentence was enhanced by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a

deadly weapon. But he received only one criminal history point, related to a prior Texas conviction for aggravated assault with a deadly weapon, pursuant to which he was placed on deferred adjudication probation for two years.

Through the current Section 2255 action, and without offering much explanation, Movant seeks postconviction relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, a decision the Supreme Court has made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016).

As the United States Court of Appeals for the Eleventh Circuit recently observed:

> it is not enough for a federal prisoner to simply identify *Johnson* and the residual clause as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he was sentenced under the residual clause in the ACCA and that he falls within the scope of the new substantive rule announced in *Johnson*.

*In re Griffin*, No. 16-12012-J, ___ F.3d ____, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016) (per curiam) (citing 28 U.S.C. § 2244(b)(3)(c)); *cf. Luna v. United States*, Nos. 4:16-cv-436-A & 4:12-cr-45-A, 2016 WL 3269741, at *1 (N.D. Tex. June 9, 2016) ("As the court so often is seeing since the *Johnson* decision, certain of the allegations in movant's motion and virtually everything said in his Memorandum of Supporting Facts are nonsense. There is nothing in the record of movant's criminal action that would remotely suggest that movant received any kind of sentencing enhancement that would

be based on a constitutionally vague statutory provision.").

In that regard, to the extent that Movant is attacking under *Johnson* the only sentencing guideline enhancement he received, the undersigned notes that the few courts that have addressed the application of *Johnson* to Section 2D1.1(b)(1) have flatly rejected such an extension:

> *Johnson* and its progeny have no effect on the two point enhancement for possessing a firearm in U.S.S.G. § 2D1.1(b)(1).... *Johnson* serves to invalidate a portion of the definition of a "crime of violence" as utilized in the ACCA. Defendant argues that the reasoning in *Johnson* should apply to the sentencing guidelines; however, even if it did, it would not serve to invalidate the specific two point enhancement that affected Defendant's sentence. While Defendant is correct that some courts have applied *Johnson* reasoning beyond the ACCA, for example to the residual clause of the career offender portion of the sentencing guidelines or to the residual clause in § 924(c), there is simply no like reasoning that would invalidate the two level enhancement for possessing a dangerous weapon. U.S.S.G. § 2D1.1(b)(1) does not have a residual clause that could be held unconstitutionally vague; instead, it clearly lays out which convictions (all related to drug offenses) could receive the two point enhancement for possessing a dangerous weapon. Therefore, *Johnson* cannot serve to invalidate the enhancement received by Defendant.

*United States v. Beckham*, Cr. No. 0:10-1212-CMC, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016); *see also Carrasco v. United States*, ___ F. Supp. 3d ____, 01-CR-0021 (VM) & 16-CV-3952 (VM), 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016); *United States v. Ramos*, Crim. A. No. 06-275-KD, 2016 WL 1611483, at *1-*2 (S.D. Ala. Apr. 21, 2016); *Heard v. United States*, Nos. 8:16-cv-1475-T-30AAS & 8:12-cr-52-T-30AAS, 2016 WL 3219718, at *1 (M.D. Fla. June 10, 2016).

Further, like the defendant in *Beckham*, Movant also "was given a mandatory minimum sentence based on his drug conviction, not the possession of the firearm."

2016 WL 3941021, at *2. Therefore, "[t]he firearm enhancement did not activate this mandatory minimum," *id.*, of 60 months, *see* 21 U.S.C. § 841(b)(1)(B).

Regardless of the current motion's merit, this is not Movant's first Section 2255 motion. *See Moreno v. United States*, No. 3:15-cv-321-P (N.D. Tex.), Dkt. No. 6 (summarily dismissing postconviction motion advancing "dubious attacks on the jurisdiction of this Court, the constitutionality of the law under which Moreno was convicted, and the effectiveness of his criminal defense counsel – based solely on counsel's failure to make these arguments").

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of

whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Movant's successive 2255 motion seeking relief pursuant to *Johnson* should be transferred to the Fifth Circuit pursuant to 28 U.S.C. § 1631 for appropriate action. *See, e.g., United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (transfer of a successive habeas application filed without first obtaining "authorization from the court of appeal" "for want of jurisdiction" under Section 1631 is an alternative to dismissal of such an application (citing *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam))).

## Recommendation

The Court should transfer Movant's current Section 2255 motion to vacate to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE