UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAQUIN MORENO | ) | |
| (BOP Register No. 46017-177), | ) | CIVIL ACTION NO. |
| | ) | |
| Petitioner, | ) | 3:16-CV-1939-G (BN) |
| | ) | |
| VS. | ) | CRIMINAL ACTION NO. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 3:13-CR-019(06)-P |
| | ) | |
| Respondent. | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND TRANSFERRING SUCCESSIVE SECTION 2255 MOTION

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. No objections were filed. The district court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge.

It is therefore **ORDERED**, **ADJUDGED** and **DECREED** that petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, being successive, is

**TRANSFERRED** to the **United States Court of Appeals for the Fifth Circuit** for appropriate action.

Because the court is transferring this successive habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action, the court need not address whether petitioner is entitled to a certificate of appealability ("COA"). See *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of [28 U.S.C.] § 2253(c)(1)(B), and the appeal of such an order does not require a COA.").

But in the event petitioner will file a notice of appeal, the court notes that petitioner must pay the filing fee or file a motion for leave proceed *in forma pauperis* on appeal.

**SO ORDERED**.

August 17, 2016.

/s/ A. Joe Fish
**A. JOE FISH**
**Senior United States District Judge**